# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FALLON J. LUMPKIN, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 09-6248 |
| PETER J. LANFAIR, ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is the United States of America's Motion to Dismiss for lack of jurisdiction (Rec. Doc. 35). Because the Court finds that it lacks subject matter jurisdiction over this case, the United States's motion is GRANTED.

## I. BACKGROUND

This suit arises out of a car accident between Plaintiff Fallon Lumpkin and Peter Lanfair, a Tennesee Army National Guard soldier. On or about September 11, 2008, Lumpkin was driving eastbound on Interstate 12 near Slidell, Louisiana in a vehicle owned by Plaintiff Brandy Renard. Plaintiffs allege that Lumpkin was forced to slow down in reaction to slower traffic at an off-ramp. Plaintiffs further allege that Lanfair, driving a High Mobility Multipurpose Wheeled Vehicle ("HMMWV") owned by the National Guard, negligently failed to reduce his speed and collided with Lumpkin from behind. Plaintiffs allege that Lumpkin suffered personal injuries from the collision, including head, neck, and back pain, and that Renard incurred property damage to her vehicle.

The parties agree that at the time of the collision Lanfair was a member of a Tennessee National Guard unit. Lanfair's unit had been conducting annual training at Camp Shelby, Mississippi when they were ordered to Louisiana to assist in Hurricane Gustav recovery efforts, at the request of and pursuant to a state of emergency declared by Governor Bobby Jindal.

Lanfair and his unit were deployed to Baton Rouge, where they assisted the citizens of Louisiana in hurricane relief operations by providing security and operating two aid distribution sites. While deployed, Lanfair and his unit were under the operational control of the Louisiana Adjutant General and Governor Jindal. At the time of the accident, Lanfair and his unit had been released from recovery efforts and were proceeding to Mississippi "to conduct maintenance, turn-in equipment utilized to support [hurricane] relief operations and close out any other outstanding issues from Annual Training." (Rec. Doc. 40-1 at 2). The United States provided affidavits and exhibits supporting these facts in connection with its Motion. Plaintiffs do not dispute the authenticity or admissibility of these materials, nor do they dispute the contents. Indeed, Plaintiffs attached some of the United States' materials as exhibits to their own opposition.

Plaintiffs sued Lanfair, the United States Army National Guard, and the manufacturer of the HMMWV in federal court pursuant to the Federal Tort Claims Act. The United States of America appeared and answered as the proper defendant. 28 U.S.C. § 2679(b)(1); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981).

## II. PRESENT MOTION

The United States now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss this case for lack of subject matter jurisdiction due to sovereign immunity. The United States argues that it has only waived sovereign immunity for the torts of its employees through the Federal Tort Claims Act ("FTCA") to the extent that a private individual in like circumstances would be liable under state law. The United States argues that Lanfair is immune from tort liability under the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA"), and consequently a private individual in like circumstances also

would not be liable to Plaintiffs. Therefore, the United States concludes, it has not waived sovereign immunity to this claim and the Court lacks subject matter jurisdiction.

Plaintiffs respond that the LHSEADA does not immunize Lanfair under these circumstances, that the United States would also be liable as a private individual in like circumstances, and therefore that sovereign immunity has been waived.

## III. LAW & ANALYSIS

### A. Burden of Proof

The party asserting subject matter jurisdiction bears the burden of proof opposing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted). The Court may decide the jurisdictional question based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted). If the Court resolves disputed facts to decide if it has jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

### B. Sovereign Immunity Defense

The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *McMahon v. United States*, 342 U.S. 25 (1951). Through the FTCA, the United States has waived immunity under certain

circumstances. 28 U.S.C. §§ 1346(b), 2671-2780. The FTCA waives immunity and grants jurisdiction to the courts over claims "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The Government is liable for those tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This Court must strictly construe this waiver of immunity and resolve all ambiguities in favor of the United States. *See, e.g.*, *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

The parties agree that all jurisdictional elements are satisfied except the sixth: whether the claim arises "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tort] occurred." 28 U.S.C. § 1346(b). The alleged tort occurred in Louisiana and the law of Louisiana provides a potential defense to liability on these facts. The LHSEADA provides tort immunity to certain actors engaged in emergency preparedness activities:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in the case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

La. Rev. Stat. 29:735(A)(1). The Act defines "emergency preparedness" as "the mitigation of,

preparation for, response to, and the recovery from emergencies or disasters." La. Rev. Stat. 29:723(4). Further, "emergency preparedness" is "synonymous with 'civil defense', 'emergency management', and other related programs of similar name." *Id.* Thus, any individual who is (1) a representative of the State of Louisiana, (2) engaged in emergency preparedness activities, and (3) is acting in compliance with the LHSEADA is immunized from liability for his or her negligence. If such an individual is immune, the United States argues that in like circumstances it too would be immune under state law.

The Fifth Circuit has addressed the interaction between the FTCA and a statute substantially similar to the LHSEADA. In *Ecker v. United States*, the plaintiffs were in a car accident with a Georgia National Guard soldier present in Mississippi to assist with Hurricane Katrina relief pursuant to a declared state of emergency. *Ecker v. United States*, 358 Fed. App'x 551, 552 (5th Cir. 2009). Plaintiffs sued under the FTCA and the United States moved to dismiss, arguing that because the soldier was immune from tort liability under the Mississippi Emergency Management Law ("MEML"), the United States also would not be liable under like circumstances and therefore sovereign immunity had not been waived. *Id.* The immunity provision of the MEML is essentially identical to the LHSEADA. *Compare* Miss. Code. Ann. § 33-15-21(a) *with* La. Rev. Stat. § 29:735(A)(1).[1] The Fifth Circuit first held that the soldier, were he a Mississippi state or local employee, would have been entitled to tort immunity "under the plain language" of the MEML because the district court found that he had been engaged in

---

[1] Mississippi immunizes representatives of the state engaged in "emergency management" while Louisiana protects "emergency preparedness," but the definitions of those terms are essentially identical. *Compare* Miss. Code. Ann. § 33-15-5(c) ("'Emergency management' means the preparation for, the mitigation of, the response to, and the recovery from emergencies and disasters. . . .") *with* La. Rev. Stat. § 29:723(4) ("'Emergency preparedness' means the mitigation of, preparation for, response to, and the recovery from emergencies or disasters. . . .").

emergency management activities. 358 Fed. App'x at 553.² The court then held that the United States, were it a private individual under similar circumstances, also would not be liable under Mississippi law and therefore sovereign immunity had not been waived:

> Treating the United states as a private individual in similar circumstances, that is, as a private individual engaged in emergency management activities for the state of Mississippi, means the United States is also immune under [the MEML]. It follows that appellants' claims are not within the FTCA's limited waiver of sovereign immunity, and that the district court lacks subject matter jurisdiction.

*Id.* Therefore, the Fifth Circuit affirmed the lower court's dismissal for lack of subject matter jurisdiction. *Id.*

Another section of this court has reached the same conclusion with respect to immunity under the LHSEADA. *Lemoine v. United States* involved a car accident caused by a Louisiana National Guardsman during the aftermath of Hurricanes Katrina and Rita. *See* No. 07-8478, 2009 WL 2496561, at *1 (E.D. La. Aug, 13, 2009). At the time of the accident, the Guardsman was hauling recycled asphalt in a military truck. *Id.* The plaintiffs sued the United States under the FTCA, and the United States moved to dismiss. *Id.* The United States argued that if it were a private person in like circumstances to the soldier, it would not be liable pursuant to the LHSEADA, and if it were not liable, then it had not waived its sovereign immunity. *Id.* at *2-3. The court agreed and dismissed for lack of subject matter jurisdiction. *See id.* at *2-3; *accord Robin v. United States*, No. 04-2230, 2006 WL 2038169, at *1 (E.D. La. July 17, 2006) (finding no subject matter jurisdiction over tort claim based on accident with United States Wildlife and Fisheries officer engaged in search and rescue operation after Tropical Storm Isidore), *aff'd*, 233

---

²The Fifth Circuit opinion did not describe the soldier's activities in detail. The record at the district court established that the accident occurred while the National Guard soldier was "distributing food, water, and other supplies." *Ecker v. United States*, No. 07-1101, at p. 2 (S.D. Miss. May 6, 2009) (Ozerden, J.) (Rec. Doc. 35-10 at 3).

-6-

Fed. App'x 350 (5th Cir. 2007);

Drawing upon *Ecker*, *Lemoine*, and *Robin*, the United States argues that Lanfair was (1) a representative of Louisiana, (2) engaged in "emergency preparedness" activities (3) in compliance with the LHSEADA, and is therefore immune from any tort liability resulting from those activities. If Lanfair is not liable under Louisiana law, then the United States as a private individual in like circumstances also would not be liable under Louisiana law. If the United States would not be liable under Louisiana law, then it has not waived its sovereign immunity over this claim. 28 U.S.C. § 1346(b)(1). If sovereign immunity has not been waived, then the Court lacks subject matter jurisdiction. The chain of logic is sound, but it depends on an initial factual determination that Lanfair (or the United States in like circumstances) was a representative of Louisiana engaged in "emergency preparedness" activities in compliance with the LHSEADA.

Here, the parties do not dispute the underlying facts regarding Lanfair's activities at the time of the accident. Rather, the parties dispute whether those facts support the ultimate conclusion that Lanfair was an agent of Louisiana engaged in "emergency preparedness" activities. Plaintiffs contend that Lanfair was no longer an agent of the state or engaged in emergency preparedness activities at the time of the accident. Plaintiffs rely on Defendants' exhibits which show that his unit had been released from its hurricane relief deployment without being specifically directed to return to Mississippi, and because his unit was traveling out of Louisiana at the time of the accident. On the other hand, the United States argues that Lanfair was still an agent of the state engaged in emergency preparedness activities because his unit was proceeding out of Louisiana to return emergency preparedness supplies used in the hurricane relief effort.

-7-

In light of the undisputed facts, the Court finds as a matter of law that at the time of the accident Lanfair was a representative of the State of Louisiana engaged in "emergency preparedness." At the time of the accident, Lanfair and his unit were transporting supplies that had been used in the hurricane relief effort. That conduct comfortably falls within the ambit of "response to" and "recovery from emergencies or disasters." La. Rev. Stat. § 29:723(4).

Lanfair was also a representative of the state of Louisiana for the purposes of the LHSEADA at the time of the accident. Lanfair and his unit traveled to Louisiana at the behest of the state; that entrance into Louisiana necessarily entailed an exit. Moreover, the Order from the Louisiana AG setting the terms of his unit's release made clear that it was pursuant to a "phased withdrawal" of out-of-state assistance "as conditions allow[ed]." (Rec. Doc. 35-7 at 12). Thus, Lanfair was leaving Louisiana at a time and under circumstances dictated by the state. The Court finds that for the purposes of the LHSEADA, Lanfair remained a "representative" of the state entitled to immunity.

These findings comport with the purposes of the LHSEADA. The LHSEADA is intended to "authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery." La. Rev. Stat. § 29:722(A)(7). Thus, the statute contemplates a broad time frame of coverage before, during, and after an emergency. Further, the statute is intended to promote coordination "to the maximum extent possible with the comparable functions of the federal government ... to the end that the most effective preparation and use may be made of the resources and facilities available for dealing with any emergency or disaster that may occur." *Id.* at § 29:722(B). Notwithstanding that "immunity statutes are strictly construed against the party claiming the immunity," *Banks v. Parish of Jefferson*, 08-27, p. 9 (La. App. 5 Cir. 6/19/2008); 990 So. 2d 26, 30, finding that Lanfair

remained an agent of the state engaged in protected acts promotes maximum availability of out-of-state assistance and coordination with federal resources.

Because Lanfair is entitled to immunity from tort liability under the LHSEADA, it follows the United States, were it a private individual under like circumstances, also would not be liable under Louisiana law. *See Ecker*, 358 Fed. App'x at 553. Because the United States would not be liable under state law, it has not waived sovereign immunity and the Court lacks subject matter jurisdiction. 28 U.S.C. § 1346(b).

Accordingly, IT IS ORDERED that the Defendant's motion is GRANTED and Plaintiffs' claims are dismissed WITHOUT PREJUDICE.

New Orleans, Louisiana, this 23rd day of September, 2010.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE